UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY MENDENHALL, | |
| Plaintiff, | |
| v. | Case No. 23-cv-11025 |
| FEDEX GROUND PACKAGE SYSTEM, INC., and DOES I through X, | Judge Mary M. Rowland |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Larry Mendenhall sued Defendant FedEx in state court for losses related to an undelivered package. [2-1]. FedEx removed the case to federal court [2] Mendenhall moves to remand, [12], while FedEx separately moves to dismiss. [5]. For the reasons that follow, the motion to remand is denied [12] and the motion to dismiss is granted. [5].

I. Background

The following factual allegations taken from the operative complaint [2-1] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). On July 26, 2022, Plaintiff Larry Mendenhall bought an Acer Aspire laptop from a seller through eBay online marketplace. [2-1] ¶ 19. eBay contracted with FedEx for the delivery to Mendenhall in Oak Park, Illinois. *Id*. ¶ 1; Ex. A. After the laptop did not arrive, *id*. ¶ 1, Mendenhall requested that eBay

1

reimburse him for the missing laptop under their Money-Back Guarantee Policy. *Id.* ¶ 3. When eBay and/or the seller tried to determine if the laptop had not been delivered, FedEx reported to eBay and/or the seller that FedEx had delivered the goods. *Id.* ¶ 4. FedEx also alleged that Mendenhall was "knowingly attempting to obtain by deception insurance reimbursement" for the package. *Id.* ¶ 5.

Mendenhall filed a complaint in Cook County Circuit Court against Defendant FedEx Ground on July 28, 2023. [2-1]. The complaint included a breach of contract claim for FedEx's alleged failure to deliver the package, as well as a libel claim for FedEx's statement that it had delivered the package. *Id.* FedEx then removed the case to federal court, [2], and now moves to dismiss. [5]. Mendenhall, in turn, filed a motion to remand. [12].

II. Analysis

The two pending motions—Mendenhall's motion to remand [12] and Fedex's motion to dismiss [12]—both turn on the same question: whether the Carmack Amendment applies to the complaint's state law claims. The Court will take each motion in turn, first to assess whether we have jurisdiction over the case, then to determine whether the claims are preempted.

a. Motion to Remand

Mendenhall moves to remand on the basis that his complaint does not raise a federal question. As described above, FedEx opposes for the same reason that it moves to dismiss, arguing that the Carmack Amendment applies here.

2

A defendant may remove a case to federal court if there is a basis for federal subject matter jurisdiction. 28 U.S.C. §§ 1441(a), 1446. Removal to federal court is proper when the original cause of action "arises under the Constitution and laws of the United States." *Louisville & Nashville RR. Co. v. Mottley*, 211 U.S. 149 (1908). The party seeking removal bears the burden of establishing federal jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). The Court must interpret the removal statute narrowly, and any doubts regarding jurisdiction are resolved in favor of remand. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

FedEx removed this case to this Court on the theory that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, preempts Mendenhall's claims relating to the delivery of goods. The Carmack Amendment provides a "statutory right to recover for actual losses or injuries" to property caused by carriers involved in shipment. *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 286 (7th Cir. 1997). In enacting the Amendment, Congress aimed to create a "nationally uniform rule of carrier liability concerning interstate shipments." *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008) (quoting *North Am. Van Lines v. Pinkerton Sec. Sys.*, 89 F.3d 452, 454 (7th Cir. 1996)). The Amendment thus provides the "exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property." *Hall v. North Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007). "[W]hen one ships a package via UPS and there is a dispute, that dispute belongs in federal court because of the Carmack

3

Amendment." *Korer v. Danita Corp.*, 584 F.Supp.2d 1103, 1105 (N.D. Ill. 2008) (quoting *Treiber & Straub, Inc. v. United Parcel Serv., Inc.*, 474 F.3d 379, 383 (7th Cir.2007)).

Here, Mendenhall pleads a breach of contract claim that arises from the failure of FedEx to deliver the Acer laptop that he had purchased. [2-1] ¶¶ 17-35. This is the quintessential claim preempted by the Carmack Amendment, as the breach of contract claim arises out of the loss of goods. Because Congress intended the Amendment to provide the exclusive remedy for failure to deliver goods in interstate shipment, "federal law completely occupies the field." *Brunner v. Beltmann Grp. Inc.*, No. 1:19-CV-03396, 2020 WL 635905, at *3 (N.D. Ill. Feb. 11, 2020) (analyzing Carmack Amendment preemption). FedEx thus has the right to remove the breach of contract claim based on federal question jurisdiction. *See, e.g., Korer*, 583 F.Supp. at 1105, fn.2 (allowing removal based on Carmack preemption because "the salient question in determining whether an action can be removed based on federal question jurisdiction is . . . whether Congress intended the federal cause of action to be *exclusive*.") (emphasis in original).

Mendenhall makes two arguments against applying the Carmack Amendment. First, he argues that neither party pled that the package traveled in interstate transportation. [13] at 5. Next, Mendenhall argues that he is not covered by the Amendment because he is a recipient, not a carrier or a shipper. *Id*. The first argument fails because FedEx supplemented its notice of removal with a factual allegation that the package traveled from Texas to Illinois. [15-1]. Mendenhall does

4

not meaningfully contest this fact. Second, the Carmack Amendment covers a carrier's liability to any person "entitled to recover under the receipt or bill of lading." 49 U.S.C. § 14706(a)(1). This includes the consignee, or the intended recipient of a shipment. *Harrah v. Minnesota Min. & Mfg. Co.*, 809 F. Supp. 313, 318 (D.N.J. 1992) (extending standing to sue under the Carmack Amendment to plaintiff as "the one to whom the carrier was supposed to make delivery"); *V.R. Compounding Corp. v. Occidental Chemical Corp.*, No. 99 C 8087, 2000 WL 1368045, at *2 (N.D. Ill. Sept. 15, 2000). The Amendment accordingly applies to (and preempts) Mendenhall's claims pursuant to the contract between eBay and FedEx. *See* [2-1] ¶ 34.

For these reasons, the Court has federal question jurisdiction over this action.

### b. Motion to Dismiss

Applying the Carmack Amendment also means that the Court must dismiss any preempted claims. Mendenhall attempts to save the breach of contract claim by arguing that it meets the elements of a federal cause of action under the Carmack Amendment. *See REI Transport,* 519 F.3d at 699 (to establish a prima facie case under Carmack, a plaintiff mush show "(1) delivery in good condition; (2) arrival in damaged condition (failure to arrive); and (3) the amount of damages."). The Court is not permitted to turn a breach of contract claim into a claim filed under the Carmack Amendment. *Midamerican Energy Co. v. Start Enterprises, Inc.,* 437 F.Supp.2d 969, 973 (S.D. Iowa 2006) (quoting *U.S. Aviation Underwriters, Inc. v. Yellow Freigh Sys., Inc.,* 296 F.Supp.2d 1322, 1336-37 (S.D. Ala. 2003). As previously discussed, Mendenhall's breach of contract claim "arise[s] out of the loss of or damage to goods,"

5

and is thereby dismissed, with prejudice. *Gordon v. United Van Lines Inc.*, 130 F.3d 282, 289 (7th Cir. 1997).

This leaves Mendenhall's libel claim. The Carmack Amendment does not cover claims that are "separate to and distinct from" the loss of goods. *Gordon*, 130 F.3d at 294; *accord Pinkerton*, 89 F.3d at 458 ("separate and independently actionable harm to the shipper distinct from the damage" are not preempted). Courts have thus allowed distinct claims ranging from allegations of deceptive trade practices to assault to infliction of emotional distress. *Scheur v. Rado Express Logistics, Inc.*, No. 23-CV-00531, 2024 WL 1328818 (N.D. Ill. Mar. 28, 2024) (collecting cases). Here, the libel claim does not arise from the loss of goods itself; its basis is FedEx's communications with the seller and/or eBay. [2-1] ¶¶ 42-47. While the libel claim escapes preemption, without a federal anchor claim, this Court lacks supplemental jurisdiction to hear it. 28 U.S.C. § 1367(a). This claim is dismissed for now, without prejudice.[1]

### III. Conclusion

For the reasons stated, Mendenhall's motion to remand [12] is DENIED. FedEx's motion to dismiss [5] is GRANTED. The breach of contract claim is dismissed with prejudice, as Mendenhall may not plead the claim in federal court without triggering preemption. The libel claim is dismissed without prejudice. Mendenhall is given leave to file an amended complaint. An amended complaint is due by **July 22,**

---

[1] At this juncture, the Court declines to rule on FedEx's several other arguments that Plaintiff failed to state a claim for libel. [6] at 5-9. The Court notes that Plaintiff failed to response to these arguments [10] and therefore waived any response.

6

**2024**. If Plaintiff fails to file an amended complaint, the case will be dismissed for failure to prosecute and failure to follow a court order. This Court cautions Mendenhall that any amendment must be made in accordance with this Court's order and his Rule 11 obligations.

E N T E R:

Dated: June 28, 2024

MARY M. ROWLAND
United States District Judge