UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY MENDENHALL, | |
| Plaintiff, | |
| v. | Case No. 23-cv-11025 |
| FEDEX GROUND PACKAGE SYSTEM, INC., and DOES I through X, | Judge Mary M. Rowland |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Larry Mendenhall sued Defendant FedEx in state court for losses related to an undelivered package. After removing the case to federal court, FedEx filed a motion to dismiss. Mendenhall filed a motion to remand. After both motions were fully briefed, the Court denied the motion to remand and granted the motion to dismiss the libel claim without prejudice. Mendenhall filed an amended complaint, [21], and FedEx moved to dismiss a second time. [25]. For the reasons explained below, the Court grants the second motion to dismiss. *Id*.

I. Background

The following factual allegations taken from the operative complaint [21] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). The facts alleged are substantially the same as those contained in the original complaint, and summarized here: On July 26, 2022, Plaintiff

1

Larry Mendenhall bought an Acer Aspire laptop (the "laptop") from a seller through eBay online marketplace. [21] ¶ 3. eBay contracted with FedEx for the delivery to Mendenhall in Oak Park, Illinois. *Id*. After the laptop did not arrive, *id.*, Mendenhall requested that eBay reimburse him for the missing laptop under their Money-Back Guarantee Policy. *Id*. When eBay and/or the seller tried to determine if the laptop had not been delivered, FedEx reported to eBay and/or the seller that FedEx had delivered the goods. *Id*. FedEx also alleged that Mendenhall was "knowingly attempting to obtain by deception insurance reimbursement for the package". *Id*.

The Court denied Mendenhall's motion for remand finding that the matter was preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. [20] at 3. The Court also granted FedEx's motion to dismiss Plaintiff's breach of contract claim with prejudice. *Id.* at 5. The Court declined to rule on Plaintiff's libel claim and dismissed it without prejudice.

Mendenhall filed an amended complaint in federal court alleging two counts: Count I under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706 ("Carmack Amendment, "lost cargo" claim), and Count II under state law for libel. [21]. For the reasons explained below, the Court grants Defendant's motion to dismiss. [25].

II.   **Standard**

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual

2

information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007).

Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (internal citations omitted).

### III.  Libel

As to the libel claim, Mendenhall has not, and cannot, allege actual malice to overcome a qualified privilege to make out his claim. [28] at 4-7. FedEx further argues that Mendenhall has not properly supported his allegations made on information and

3

belief. Mendenhall responds that he need not plead actual malice, he *did* in fact plead actual malice, and in the alternative, he can plead it with more particularity. [29] at 3-5.

Mendenhall has failed to state a plausible libel claim.[1] To state such a claim Mendenhall must allege that: "(1) the defendant made a false statement concerning the plaintiff; (2) there was an unprivileged publication of defamatory statement to a third party by defendant; and (3) publication of the defamatory statement damaged the plaintiff." *Brennan v. Kadner*, 351 Ill. App. 3d 963, 968, 814 N.E.2d 951, 956–57 (2004), citing *Parker v. House O'Lite Corp.,* 324 Ill.App.3d 1014, 1020, 258 Ill.Dec. 304, 756 N.E.2d 286 (2001). "A motion to dismiss may properly raise the issue of qualified privilege where the allegedly defamatory document and the complaint affirmatively show that the former is protected by a qualified privilege." *Edwards by Phillips v. Univ. of Chicago Hosps. & Clinics*, 137 Ill. App. 3d 485, 489, 484 N.E.2d 1100, 1104 (1985) (internal citation omitted). A qualified privilege applies where there is (1) good faith by the writer, (2) the writer had an interest or duty to uphold, (3) the statement was limited in scope to that purpose, (4) a proper occasion to do so, and (5) publication in the proper manner and to the proper parties only. *Id.* Once it appears that a communication is conditionally privileged, it is Plaintiff's burden to

---

[1] The Court did not address Plaintiff's libel claim previously except to note that he had failed to respond to Defendant's substantive arguments. [20] at 6, n. 1. It is well established that failure to respond to an opposing party's argument results in waiver. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument ... results in waiver."). This is true even when the litigant is *pro se. See Candell v. Shiftgig Bullpen Temp. Emp. Agency,* 2019 WL 2173937, at *3 (N.D. Ill. May 20, 2019) (collecting cases). However, the Court allowed an amended complaint and will address the arguments on the merits.

prove actual malice, which would constitute abuse and thereby avoid the privilege. *Myers v. Spohnholtz*, 11 Ill. App. 3d 560, 569, 297 N.E.2d 183, 189 (1973). Actual malice is alleged when the defendant "had knowledge of the [statement's] falsity or lacked reasonable grounds for believing the truth of the statement". *Edwards*, 137 Ill. App. 3d at 1105.

Here, FedEx has properly raised an affirmative defense of qualified privilege. Mendenhall's complaint alleges that FedEx published a statement to eBay that it did, in fact, deliver the laptop at issue. FedEx's statement was (1) stated in good faith, (2) as a business to another business inquiring about the status of the delivery, (3) limited to that purpose, & (4) and (5) through the appropriate channel, to the appropriate party, and at the appropriate time.

The only fact alleged to contradict that, and to establish malice, is Plaintiff's conclusory allegation that FedEx made the statement "in full knowledge that they were [sic] untrue or in reckless disregard of its falsity", [21] at ¶ 44. Such a conclusory allegation is not entitled to be considered in the light most favorable to the Plaintiff. *See e.g. Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (conclusory allegations are "not entitled to be assumed true," nor are legal conclusions). Plaintiff goes on to allege that "[o]n information and belief… DOES I-X communicated to Defendant FedEx that DOES I-X delivered the [laptop]." [21] at ¶ 40. But this allegation supports FedEx's reasonable reliance on the statements by the John Does that the laptop was delivered. The complaint is otherwise devoid of facts that FedEx published a statement to eBay with knowledge of any false claims, or that it lacked reasonable grounds for believing

5

the truth of the statement. By failing to allege actual malice, Plaintiff has failed to overcome the qualified privilege, necessitating dismissal of the libel claim. As Plaintiff has already had an opportunity to amend his claim once and any further amendment would be futile because Plaintiff cannot plead actual malice, Count II is dismissed with prejudice.

### IV. Plaintiff fails to meet the jurisdictional requirement for the Carmack Amendment

The value of Plaintiff's lost goods claim contained in Count I is $338.79. This does not mee the jurisdictional requirement of this Court. Plaintiff concedes that without the damages claimed in the libel action, $20,000, his lost property claim does not meet the jurisdictional threshold for this Court. [29] at 9. Count I is therefore dismissed without prejudice. Any claim for the $338.79 may be pursued in the proper state court venue.

### V. Conclusion

For the reasons stated above, FedEx's motion to dismiss [25] is GRANTED. As Plaintiff has already had an opportunity to amend his complaint, Count II is dismissed with prejudice. Count I with a value of $338.79 is dismissed without prejudice to be pursued in the proper state court venue.

E N T E R:

Dated: February 3, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

6